D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CHRISTINE ZUK, THERESA LUTTER,

          Plaintiffs,

    -against-

ALLSTATE INSURANCE COMPANY,

          Defendant.
-------------------------------------------------------X

**ORDER**
12-CV-4186 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY

★ MAR 06 2014 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On August 21, 2012, Christine Zuk and Theresa Lutter ("plaintiffs") commenced this action against Allstate Insurance Company ("Allstate" or "defendant"), alleging, *inter alia*, breach of an insurance contract. [Docket Entry No. 1]. Now before the Court is defendant's motion for summary judgment. [Docket Entry No. 27]. For the reasons that follow, defendant's motion is granted.

I.    Factual Background[1]

Allstate is a Write Your Own ("WYO") insurance carrier participating in the United States government's National Flood Insurance Program ("NFIP"). (Raske Aff. ¶¶ 1-2). As a WYO program carrier, Allstate is authorized to issue a Standard Flood Insurance Policy ("SFIP")

---

[1]     The facts are taken from the undisputed assertions in defendants' Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1 ("Def.' 56.1 Stmt") [Docket Entry No. 27-1], the affidavit of Gail M. Kelly in support of defendant's motion for summary judgment ("Kelly Aff.") [Docket Entry No. 27-2], the affidavit of Matthew Azus in opposition to defendant's motion for summary judgment ("Azus Aff.") [Docket Entry No. 28], the affidavit of Christine Zuk in opposition to defendant's motion for summary judgment ("Zuk Aff.") [Docket Entry No. 28-1], the affidavit of Jason Raske ("Raske Aff.") [Docket Entry No. 27-6], and my review of the record.

on behalf of the government, pursuant to its arrangement with the Federal Emergency Management Agency ("FEMA") set forth in the NFIP. (*Id.* ¶¶ 2-3).

An SFIP issued under the NFIP requires the policyholder to send an executed proof of loss to the insurer within sixty (60) days from the date of loss. (Kelly Aff., Ex. H at 1). On September 14, 2011, FEMA extended the deadline for submission of a proof of loss in support of a flood claim for damages sustained during Hurricane Irene from sixty (60) days to ninety (90) days from the date of loss. (Def.' 56.1 Stmt ¶¶ 17-18; Kelly Aff., Ex. H). On November 22, 2011, FEMA extended the deadline to a total of 150 days from the date of loss. (Def.' 56.1 ¶ 19).

Plaintiffs are the owners of the property located at 125 Clubhouse Road, Bellmore, New York ("the premises"). (Zuk Aff. ¶¶ 1-2). The premises was insured under SFIP No. 003800451605 issued by Allstate, which provided coverage of $196,900.00 for the building and $55,100.00 for personal property, each with a $2,000.00 deductible. (Def.' 56.1 Stmt ¶ 3).

On August 28, 2011, the premises sustained damage caused by flooding during Hurricane Irene. (Def.' 56.1 Stmt ¶ 1; Zuk Aff. ¶ 4). In accordance with FEMA's extended deadline, plaintiffs had a total of 150 days from the date of loss, or until January 25, 2012, to submit executed proofs of loss. (Def.' 56.1 Stmt ¶ 20).

Plaintiffs submitted a claim to Allstate for flood damage to the premises. (Zuk Aff. ¶ 6; Kelly Aff., Ex. D ("Raske Aff.") ¶ 6). On or about October 17, 2011, following an investigation of plaintiffs' flood claims, Allstate approved $31,416.79 in building damages. (Def.' 56.1 Stmt ¶¶ 4, 6). On October 31, 2011, Allstate approved $34,208.07 in contents damages. (*Id.* ¶ 7). On or about November 16, 2011, plaintiffs submitted a request for a supplemental claim for contents damages. (*Id.* ¶ 8). On or about November 22, 2011, Allstate received plaintiffs' executed

proofs of loss for building damages in the amount of $31,416.79 and content damages in the amount of $34,208.07. (*Id.* ¶ 9). On November 27, 2011, Allstate issued one (1) check in the amount of $31,416.79 for building damages and a second check in the amount of $34,208.07 for contents damages. (*Id.* ¶¶ 10-11).

Allstate examined plaintiffs' supplemental claim under their SFIP and approved an additional $4,125.55 in contents coverage. (*Id.* ¶ 12). Allstate issued a revised contents proof of loss to plaintiffs in the amount of $38,333.62, which included the additional $4,1255.55 of contents damages. (*Id.* ¶¶ 13-14). On or about January 13, 2012, Allstate received plaintiffs' executed revised contents proof of loss in the amount of $38,333.62, which was dated January 4, 2012. (*Id.* ¶ 15). On or about January 13, 2012, Allstate issued a check in the amount of $4,125.55 for plaintiffs' supplemental contents claim. (*Id.* ¶ 16).

By letter dated May 9, 2012, Allstate denied additional coverage for plaintiffs' claims regarding damage to the foundation and floor system of the premises. (Azus Aff., Ex. C; Zuk Aff. ¶ 10). Plaintiffs subsequently filed an appeal with FEMA. (Zuk Aff. ¶ 13). On June 28, 2012, plaintiffs submitted another proof of loss in the amount of $204,000.00. (Azus Aff., Ex. D; Zuk Aff. ¶ 13). On August 9, 2012, FEMA denied plaintiffs' appeal, concluding that "Allstate correctly applied" the exclusion for "loss to property caused directly by earth movement, even if the earth movement is caused by flood," and "den[ied] coverage for structural elements, including floors and wallboards." (Azus Aff., Ex. E at 2).[2]

On August 21, 2012, plaintiffs filed the instant action, alleging that defendant breached the SFIP by failing "to fully indemnify Plaintiffs for the damages sustained to the subject

---

[2] While plaintiffs contend that "defendant sent plaintiffs another denial letter dated August 9, 2012," (Azus Aff. ¶ 9), it was FEMA, and not Allstate, that sent the August 9, 2012 letter, which concurred with Allstate's May 9, 2012 letter denying additional coverage. (Azus Aff., Ex. E).

3

premises as a result of the flood." (Compl. ¶ 23). Plaintiffs allege at least $165,483.21 of damages resulting from defendant's breach of contract. (*Id.* ¶ 24).

II. Discussion

A. Standard of Review

"Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show 'that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted). "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012) (internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586, 129 S.Ct. 2658, 174 L.Ed.2d 490 (2009) (quotation marks and citation omitted); *see also Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012).

"The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). If this burden is met, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358. In order to defeat

summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts and may not rely on conclusory allegations or unsubstantiated speculation." *Id.* (internal quotation marks and citations omitted).

B. National Flood Insurance Program

Under the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-4127 ("NFIA"), "the federal government provides flood insurance subsidies and local officials are required to adopt and enforce various enforcement measures." *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 183 (2d Cir. 2006). "The NFIP, created by the [NFIA], is administered by FEMA and supported by taxpayer funds, which pays for claims that exceed the premiums collected from the insured parties." *Jacobson v. Metro. Prop. & Cas. Ins. Co.*, 672 F.3d 171, 174 (2d Cir. 2012).

Under the NFIA, FEMA "is authorized to prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid for any damage to or loss of property which is covered by flood insurance." 42 U.S.C. § 4019. In 1983, FEMA created the Write Your Own program, which allows private insurance companies to issue and administer SFIPs in their own names as "fiscal agent[s] of the Federal Government." 42 U.S.C. § 4071(a)(1); *see also Palmieri*, 445 F.3d at 183. "Thus, while the private insurance companies administer the federal program, 'it is the Government, not the companies, that pays the claims.'" *Jacobson*, 672 F.3d at 175 (quoting *Palmieri*, 445 F.3d at 184).

All SFIPs require an insured to submit an executed proof of loss within sixty (60) days from the date of loss. *See* 44 C.F.R. Pt. 61, App. A(I), Art. VII(J)(4). In light of the "compelling interest in assuring uniformity of decision in cases involving the NFIP," *Jacobson*, 672 F.3d at 175 (quoting *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 390 (9th Cir. 2000)), the Second

Circuit has applied the standard of other circuits and "held that [proof of loss] requirements must be strictly construed and enforced." *Id.*

Plaintiffs received payments from Allstate for the amount of damages claimed in the November 22, 2011 proof of loss and the January 12, 2012 revised contents proof of loss. Plaintiff did not submit a proof of loss for the additional $204,000.00 of damages until June 28, 2012, more than six (6) months after FEMA's extended deadline of January 25, 2012. Plaintiffs do not deny that they failed to timely submit a proof of loss for damages above and beyond those paid by Allstate.[3] Accordingly, because plaintiffs have failed to comply with the requirements of the SFIP, the present action is barred as a matter of law and defendant is entitled to summary judgment.

III. Conclusion

For the foregoing reasons, defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 is granted. The Clerk of the Court shall enter judgment accordingly and close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein
───────────────────────
Sandra J. Feuerstein
United States District Judge

Dated: March 6, 2014
Central Islip, New York

---

[3] Instead, plaintiffs assert that defendant waived this defense because "the first time that plaintiffs heard anything regarding the June 28, 2012 proof of loss being filed too late or untimely from defendant did not occur until they were served with defendant's papers concerning the instant motion." Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, at 3-4. However, defendant's third affirmative defense unambiguously states that "Plaintiffs must meet their burden of proof to establish their pre-suit full, complete, truthful, and detailed compliance with 'all' requirements of the SFIP, including . . . proof of loss." [Docket Entry No. 5].